BANKS, Justice,
dissenting:
Because I find the question whether there is any evidence connecting the cash here in question to a violation of the narcotics laws of this state unavoidable and because I find no such evidence in the record, I must dissent.
The majority correctly states the question as “whether, given all of the evidence considered together, a rational trier of fact may have found by a preponderance of the evidence that Hickman’s funds were the product of or instrumentalities of violations of this state’s controlled substances act.” Emphasis supplied. So put, however, it belies the assertion found in footnote 3 of the majority opinion that Hickman makes no claim that he did not “in this state violate Section 139(a).” The state seeks forfeiture. Hickman denies that the funds are subject to forfeiture. It is for the state to prove that the funds are subject to forfeiture and this requires proof of a violation or intended violation of the laws of this state using or resulting in the cash in question. Hickman need not raise the question. It is raised by the charge.
As accurately noted by the majority, the evidence that the cash in question is connected in any way with a violation of any jurisdiction’s narcotics laws consists only of “profile” type evidence. Ordinary objects which may be found, even in combination, in any vehicle together with a small amount of marijuana in the possession of the passenger were used by the trier of fact to conclude, in summary fashion, that the state had met its burden of proof. There is no finding, and no evidence to support such a finding, that any Section of the Mississippi Uniform Controlled Substances Act, Miss.Code Ann. §§ 41-29-101 *49 et seq. was violated or intended to be violated with this cash or to obtain this cash.
Because the statute specifically provides for forfeiture of money “used, or intended for use, in violation of [the Mississippi Uniform Controlled Substances Act]” § 41-29-153(a)(5), and no such violation or intended violation was proved, I dissent.
DAN M. LEE, P.J., and SULLIVAN, J., join this dissent.